UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF JOHNNY FISHER, Dec'd, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-00748-B |
| J.P. MORGAN CHASE BANK, N.A., GLENN MILTON, JAY SANDLIN, LUCY NORRIS, RN and NANCY ARGO, RN, | § § § § § § | |
| **Defendants.** | § | |

## MEMORANDUM ORDER

Before the Court are 1) Plaintiff's Motion to Remand (doc. 7), filed January 20, 2009, and 2) Defendant J.P. Morgan Chase Bank's Motion for Summary Judgment and Motion to Dismiss (doc. 12), filed February 12, 2009. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendant's Motions **as moot**.

### I.

### BACKGROUND

This action revolves around a judgment entered against Fort Worth Osteopathic Hospital, Inc. (the "Hospital") as a result of a medical malpractice claim. The Estate of Johnny Fisher (the "Estate"), Plaintiff in the instant case, filed suit against the Hospital in Johnson County, Texas in 2001. (Pl.'s Original Pet. 4.) While the malpractice action was pending in State Court, the Hospital filed a voluntary Chapter 7 petition and initiated bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. However, according to

the Estate's Petition, the Hospital represented to the Estate that it had established a trust fund in the amount of $4,000,000, in lieu of medical malpractice insurance, to resolve all potential malpractice claims. (*Id.*) Defendant J.P. Morgan Chase Bank ("Chase") was the named trustee of this self-insured trust (the "Trust"). (*Id.* at 4-5.)

In 2007, the Estate obtained a $975,000 judgment against the Hospital. Following entry of the judgment, the Estate demanded payment from the Trust from the trustee in bankruptcy, Shawn Brown. (*Id.* at 6.) However, Brown informed the Estate that there were insufficient funds left in the Trust to satisfy its judgment. (*Id.*)

On October 2, 2008, the Estate filed suit in the 413th Judicial District Court of Johnson County, Texas. It brought a claim for breach of fiduciary duty against Chase and claims for conspiracy to breach fiduciary duty against Defendants Glenn Milton, Jay Sandlin, Lucy Norris, and Nancy Argo ("Individual Defendants") for allegedly aiding and abetting in the improper management of the Trust. (*Id.* at 9). The Estate alleges that the Individual Defendants knowingly depleted the Trust of its funds and then conspired to conceal those depletions. (*Id.*) Individual Defendants are all officers, employees, or directors of the Hospital. (*Id.* at 3.)

On October 9, 2008, Chase removed the action to the Bankruptcy Court to be resolved in connection with the bankruptcy of the Hospital pursuant to 28 U.S.C. §§ 1334(b) and 1452. Alternatively, Chase sought removal on the basis of diversity of citizenship. The Estate filed the instant Motion to Remand on January 20, 2009. Upon considering the Motion, the Bankruptcy Court found that its jurisdiction was tenuous and permissively abstained from hearing the case. It subsequently transferred the action to this Court for a determination regarding the existence of diversity jurisdiction.

For purposes of this Motion, it is not disputed that the Estate and all of the Individual Defendants are domiciled in Texas. However, Chase asserts that the Individual Defendants have been fraudulently joined and should not be considered for purposes of removal. The Court has considered the pleadings and arguments of the parties and now turns to the merits of the decision.

## II.

## ANALYSIS

A.   *Legal Standards*

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants may remove an action filed in state court to federal court if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1441(a); 28 U.S.C. § 1332. Here, because the Individual Defendants are citizens of Texas, 28 U.S.C. § 1441(b) prevents Chase from removing the case unless they were not properly joined. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Consequently, Chase must show that the Individual Defendants were improperly joined by the Estate in order to establish federal subject matter jurisdiction. *See McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333-34 (5th Cir. 2004).

Improper joinder may be proven in two ways. A defendant may establish improper joinder

by demonstrating actual fraud in the pleading of jurisdictional facts. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Alternatively, a defendant may establish improper joinder by proving that the plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court. *Id.* Because the citizenship of the Individual Defendants is not in dispute, the Court will focus its analysis on the second inquiry.

A non-diverse defendant will be found to be improperly joined if there is no possibility that the plaintiff can establish a cause of action against that defendant under the applicable law. *Id.* "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). A court must view all factual allegations in the light most favorable to the plaintiff and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649.

Thus, Chase assumes a heavy burden in establishing improper joinder. *Id.* It must establish that there is no arguably reasonable basis for predicting that state law might impose liability on the Individual Defendants under the facts involved. *Smallwood*, 385 F.3d at 573. If it does not meet this burden, then the Individual Defendants have not been fraudulently joined. *Id.*

B.  *Reasonable Basis to Predict Recovery Against Individual Defendants*

The Estate has filed claims against the Individual Defendants for conspiracy to commit a breach of fiduciary duty. To prove conspiracy under Texas law, a plaintiff must establish that the defendant was a member of a combination of two or more persons whose objective it was to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). A plaintiff must also show that the defendant committed at least

one overt act in furtherance of that objective. *Id.* A claim for breach of fiduciary duty can serve as the underlying tort for a conspiracy claim. *Paschal v. Great W. Drilling, Ltd.,* 215 S.W.3d 437, 450 (Tex.App.– Eastland 2006, pet. denied).

Chase argues that the Estate will be unable to establish a cause of action for conspiracy to commit a breach of fiduciary duty against the Individual Defendants in this case because (1) Individual Defendants did not owe an independent fiduciary duty to the Estate and (2) such claims are barred by the statute of limitations.

i.      Independent Duty

Chase argues that the Estate's allegations are insufficient to establish a cause of action for conspiracy because, as officers, employees, or agents of the Hospital, the Individual Defendants can only be held liable if they owed an independent fiduciary duty to the Estate apart from the Hospital's fiduciary duty. For this proposition, Chase points to the Texas Supreme Court case *Tri v. J.T.T.,* 162 S.W.3d 552 (Tex. 2005). There, the Texas Supreme Court found that a negligence finding against a defendant does not result in individual liability where that defendant was acting as an agent for a corporation. *Id.* The Supreme Court held that, in such cases, individual liability only arises when the agent owes an independent duty of reasonable care to the injured party. *Id.*

The situation presented in this case is not analogous to that in *Tri*. Here, the Estate is asserting claims of conspiracy, not of negligence. Civil conspiracy is an intentional tort which requires the specific intent to commit the underlying wrong– in this instance, the intent to commit a breach of fiduciary duty. *See Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608, 614 (Tex.1996)(holding that civil conspiracy requires specific intent to commit a wrong). The Estate is not alleging that the Individual Defendants were negligent in the mismanagement of the Trust,

rather that they intentionally conspired with Chase to mismanage and misappropriate the funds in the Trust. (Pl.'s Original Pet. 9.) Moreover, the Estate alleges that the Individual Defendants conspired to conceal the depletion of the funds from Medicare, insurance carriers, and the State Court presiding over the malpractice action. (*Id.*) This is an intentional tortious acts which if true would give rise to individual liability regardless of whether it was done while serving the Hospital.

It is well-established law that a corporate officer is primarily liable for his own intentional torts. *See, e.g. Ennia v. Loiseau,* 164 S.W. 3d 698, 707 (Tex.App.–Austin 2005, no pet.) (finding that corporate agents are individually liable for fraudulent or tortious acts committed while in the service of their corporation); *see also Shapolsky v. Brewton,* 56 S.W.3d 120, 133 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (finding that an officer of a corporation is always primarily liable for his own torts, even though the principal is also liable for those actions). Because the Estate is seeking to establish a conspiracy claim, as opposed to a negligence cause of action, it is irrelevant whether the Individual Defendants owed a separate and independent fiduciary duty to the Estate. Accordingly, this argument fails to demonstrate that there is no possibility that the Estate could establish a cause of action for conspiracy against the Individual Defendants.

    ii.    <u>Statute of Limitations</u>

Next, Chase argues that any conspiracy claims against the Individual Defendants are barred by a two-year statute of limitations. Chase states that the Individual Defendants stopped working for the Hospital in 2005 and therefore no conspiring could have occurred after that time. Thus, the limitations period for any conspiracy action had lapsed by the time this case was filed in 2008.

Assuming, arguendo, that the limitations period is two years, Chase has not provided sufficient facts or evidence to conclusively establish that the limitations period has expired. Tex. R.

- 6 -

Civ. P. 94; *see also KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999) (holding that defendant asserting limitations defense in a motion for summary judgment must conclusively prove when the cause of action accrued).

Under Texas law, each continued invasion of the Estate's interest that caused loss or damage will be treated as an independent claim of conspiracy for limitations purposes. *Cathey v. First City Bank,* 758 S.W.2d 818, 822 (Tex.App.–Corpus Christi 1988, writ denied). The Estate alleges that most of the funds in the trust were depleted while the malpractice action was pending. (Pl.'s Mot. to Remand 35.) It also asserts that one of the objectives of the conspiracy was to conceal from the State Court that such funds had been exhausted. (*Id.*) Because the judgment which is the subject of this action was not entered by the State Court until 2007, the Individual Defendants could have acted in furtherance of that objective until that time. Thus, it would not be unreasonable to conclude that the alleged conspiracy continued even after the Hospital ceased operating.

Chase has not presented any evidence or facts which foreclose this possibility or which definitively establish that the conspiracy was abandoned as soon as the Hospital's bankruptcy case was filed. Therefore, it has not provided sufficient evidence to establish the date on which the Estate's claims accrued. By asserting improper joinder on the basis of a limitations defense, Chase had the burden to establish that the affirmative defense would bar this cause of action. This necessarily meant establishing the date on which the limitations period began to run. Since it did not meet this burden, it would be improper to accept its statute of limitations defense and dismiss the claims against the Individual Defendants on this ground.

### III. CONCLUSION

Because the removal in this case is premised on a claim of improper joinder, Chase assumes

a heavy burden in establishing that there is no reasonable basis to predict recovery against the Individual Defendants. *Travis*, 326 F.3d at 649. This burden is compounded by the fact that all ambiguities of fact and state law must be resolved in the Estate's favor. *Id.* Following this standard, the Court finds that Chase has failed to establish that the Estate will be unable to assert a cause of action against the Individual Defendants under the applicable state law. For the reasons expressed above the Court concludes that the Individual Defendants were not improperly joined in this case. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand (doc. 7) and **DENIES** Defendant's Motion to Dismiss and Motion for Summary Judgment (doc. 12) **as moot.**

**SO ORDERED.**

**SIGNED September 23, 2009.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE